**33 C.C.P.A.(Patents)**

### In re PRUTTON et al.
### Patent Appeals No. 5157.

Court of Customs and Patent Appeals.
June 11, 1946.

Oberlin, Limbach & Day, of Cleveland, Ohio, for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

Appellants have here appealed from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in finally rejecting claims 1 to 25, inclusive, in appellants' application for a patent on an alleged improved agent for lubricating oils. No claims were allowed. Claims 2, 4, 5, 8, 9, 20 to 23, and 25 have been rejected as not reading on elected species and hence need not be considered here.

The claims are all article or composition claims and were rejected by the examiner upon two references, as follows: Prutton et al. 2,178,513, October 31, 1939; Lincoln et al. 2 264,319, December 2, 1941. Other grounds of rejection were placed upon certain claims which, in view of our conclusion, we need not consider.

Claim 1 was regarded by the board as illustrative of the herein involved subject matter, and is so regarded by us, and follows: "1. As an improvement agent for mineral lubricating oils, a substantially homogeneous liquid composition, soluble in refined mineral lubricating oil, having a vapor pressure less than atmospheric at a temperature of 140° C., and consisting substantially entirely of (a) at least one halogenated hydrocarbon and (b) at least one organic sulphur compound."

The alleged invention, which may be fairly understood from a reading of the

88

claims, is described by the examiner as follows:

"The present application relates in general to a compound lubricating oil addition agent and more particularly to an addition agent comprising at least one halogen hydrocarbon and at least one organic sulphur compound.

"Mineral lubricating oils normally have a relatively low film strength or load-carrying capacity and it has become conventional practice in the art to add various types of compounds to improve the extreme pressure characteristics of the oil. Sulphur and chlorine-bearing compounds have been found to be particularly effective for this purpose.

"In the preparation of compound lubricants employing several cooperative addition agents apparently the usual practice has been to separately add the addition agents by a conventional sequential blending process. It is said, however, that the sequential addition of separate addition agents is objectional [objectionable] due primarily to the uneven blending secured.

"In the present instance applicants propose to overcome this objection by forming a mixture of the addition agents and thereby obtain a concentrate which may be subsequently added to or diluted with mineral lubricating oil. The improvement agent or concentrate is blended with such oils in proportions ranging from about 1:100 to about 1:4.

"The present addition agent consists substantially of (a) an organic halogenated hydrocarbon constituent and (b) an organic sulphur-containing constituent, the improvement agent advantageously having a vapor pressure less than atmospheric at a temperature of 140° C. and preferably at a temperature of 170° C. A list of suitable halogenated compounds appears on pages 6 to 8 and of suitable sulphur compounds on pages 8 to 20 of the specification."

The claims were all rejected, first, upon the Prutton et al. patent alone, and, second, upon the Lincoln et al. patent alone, both of which grounds of rejection were approved by the board.

In rejecting the claims on the Prutton et al. patent, the examiner stated:

"Claims 1, 3, 6, 7, 10 to 19 and 24 are rejected as lacking invention over the patent to Prutton et al which points out in the preparation of compounded lubricants the advantages of using in combination a halogenated and a sulphur-bearing compound. Page 1, * * *, for example, disclose[s] that: 'Particularly stated, this invention comprises the combined use as a lubricating composition of organic halogen bearing compounds and sulphur in active form; and the combined use of both such materials as addition agents to lubricating compositions which also contain a suitable lubricating oil such as mineral oil.'

"An extensive list of halogenated organic compounds, including chlorinated wax, appears on pages 1 and 2 of the patent. The list of sulfur compounds is not so extensive, it being stated in general that the sulphur may be present as elemental sulfur in solution or colloidal suspension or as sulphur-treated oils. Sulphur-treated oils are defined as: '* * * any suitable oil base which has been treated with sulphur, for example, a composition produced by the heating of the sulphur with a fixed oil such as lard oil or fish oil or to which sulphur or a sulphur compound (e. g., diphenyl disulphide) has been added so that a certain amount of sulphur is present in active or loosely combined form'.

"The present claims differ essentially from the lubricating compositions described in the patent in that they omit the lubricating oil component, being directed essentially to a mixture of two types of addition agents. There is a definite suggestion in the patent, however, for the preparation of a composition consisting essentially of a mixture of a halogenated compound and sulphur of a sulphur-bearing compound. It is stated on page 3 of the patent that:

"'The limit of the amount of the addition agents which may be added to the previously mentioned oil base and which will produce improved results depends, as above indicated upon the reduction in viscosity of the composition caused by the addition of such compounds. For particular uses and *when certain of the more viscous addition agents are employed such*

*addition agents may be present in amounts up to 100%.*

" 'For example, chlorinated diphenyl ether has a sufficiently high viscosity especially when it contains more than 40% of combined chlorine so that it may be used as a lubricant in the pure state. Halogenated ring compounds of this nature are therefore suitable as a base to which to add the sulphur or sulphur-treated oil directly without any other oil base such as mineral oil to form one type of lubricating composition contemplated by this invention'. (Emphasis added.)

"Thus this patent definitely discloses a composition consisting essentially of a halogenated organic compound and a sulphur-bearing compound. While such a composition is intended to be used as a lubricant per se rather than as an addition agent, any limitation as to intended use is not regarded as a patentable one. See In re Thuau, [135 F.2d 344] 30 C.C.P.A., Patents, 979, 57 U.S.P.Q. 324.

"As pointed out above, the number of sulphur-bearing compounds listed in the patent is rather limited although reference is made to diphenyl-disulfide. No mention is made of 'alkylated aromatic sulfides' as recited in claim 12 or more specifically, 'a halogen-substituted dibenzyl disulfide' recited in claim 24. The present specification lists on pages 8 to 20 an almost endless number of examples of sulphur-bearing compounds said to be suitable for the purpose in question. In the absence of evidence to the contrary, the sulphur-bearing compounds disclosed in the patent are regarded as the full equivalent of the specific compounds covered by claims 12, 13, 15 to 19 and 24. The rejection is therefore deemed sound."

In rejecting the claims on the Lincoln et al. patent, the examiner said: "The appealed claims are further rejected as lacking invention over the Lincoln patent which discloses a lubricating composition containing a halogen-bearing and a sulphur-bearing compound. This patent * * * discloses that in making blended lubricants containing a mixture of addition agents, the addends may be mixed together first and then added to the lubricating oil. Among the sulphur-bearing addition agents listed is chlorobenzyl disulfide. However, as urged above, the specific addition agents blended are subject to wide variation and not considered to amount to invention since this represents, at best, a matter of individual selection."

In conclusion, the examiner stated: "Applicant appears to have merely followed the teaching of the prior art in compounding an improvement agent of the type defined in the appealed claims intended to be added to lubricating oils. It is submitted that patent protection thereon should accordingly be denied."

These views expressed by the examiner are substantially the views of the board, although the board did not find it necessary to so exhaustively treat the question. The board said in part:

"Claims 1, 3, 6, 7, 10 to 19, inclusive, and 24 stand rejected as lacking invention over the patent to Prutton et al which is relied upon by the Examiner as pointing out certain advantages in using a halogenated and a sulphur-bearing compound in combination. The patentees disclose halogenated hydrocarbons as well as organic sulphur compounds to be added to mineral oils to produce lubricating compositions of the extreme pressure type to which the present invention is addressed.

"* * * We have given careful consideration to this rejection in the light of appellants' remarks in their brief and we reach the conclusion that the rejection as stated by the Examiner is proper and should be sustained.

"The claims stand further rejected as lacking invention over the patent to Lincoln et al which is relied upon as disclosing a lubricating composition containing a halogen-bearing and a sulphur-bearing organic compound in which the composition consists essentially of these two components. Lincoln et al state in their specification that in making blends of the type with which this patent is concerned the addends may be mixed together first and then added to the oil as appellants here do, or one addend may be combined with the oil after which

the second may be blended in, which appears to have been common practice in the prior art according to appellants' arguments. In view of the wide variation to which the blending agents are subject, it was the Examiner's view that the blending of specific halogenated hydrocarbons with specific organic sulphur compounds did not amount to invention but represented nothing more than a matter of individual selection.

"* * * It is * * * our conclusion that the claims stand properly rejected on the Lincoln et al patent for the reasons * * * pointed out by the Examiner in his statement and this rejection will also be sustained."

Appellants contested before the tribunals below the propriety of using the Lincoln et al. patent as a reference in view of certain affidavits filed seeking to overcome said reference under Rule 75 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix, and much of the discussion in the brief of appellants and that of the Solicitor for the Patent Office is devoted to the question as to whether or not the affidavits sufficiently warrant the withdrawal of the Lincoln et al. patent as a reference. We have carefully considered the arguments concerning the Lincoln et al. patent and while we are not impressed with the contentions of the appellants with respect thereto we find it unnecessary to consider this reference in view of the fact that we are of the opinion that the rejection on the part of the examiner, which was approved by the board, on the patent to Prutton et al. was sound.

The Lincoln et al. patent was cited for the purpose of showing that the addition agents may be mixed before they are added to the lubricating oil, as is done in the instant application. It is our view that the disclosure of Prutton et al. (the inventors therein being two of the alleged inventors in the instant application) are such that no patentable improvement thereover is disclosed in the instant application. It would seem to be simply a matter of choice whether the addition agents were first mixed and then added to the oil or whether the procedure outlined in the Prutton et al. patent was followed. Even if improved results flowed from mixing the addition agents before contacting the oil, the record does not disclose that such results are so unexpected or of such importance under the circumstances as to indicate invention.

In this view it is unnecessary for us to consider the Lincoln et al. patent and we have quoted the portions of the decisions of the tribunals below with reference to the application of the Lincoln et al. patent merely for the purpose of presenting the whole picture.

The Prutton et al. patent discloses a lubricant containing halogenated hydrocarbons and sulphur. There is nothing new about the use of these with a lubricating composition and they may be used alone as a lubricant. The sulphur may be in the form of a compound such as diphenyl disulfide.

In their brief appellants state: "Their prior patent relates to lubricating compositions containing a major proportion of mineral lubricating oil and minor proportions of separate halogen and sulphur compounds. They had discovered the cooperative effect between halogen and sulphur referred to above. That broad concept is not, however, the concept of a specific additive as defined by the present claims. In their prior patent Prutton and Smith taught broadly that when halogen and sulphur are present in combination in a lubricant, there is an unexpected cooperative effect. *In the present cases, these same inventors, with a third joint inventor, make the further contribution to the art by teaching that when, in this broad field of use of halogen and sulphur compounds, one prepares additive materials of particularly selected representative examples of each broad class, so that one has a liquid homogeneous mass, and then, after such liquid homogeneous mass has been prepared, adds it to the oil base, an unexpected result is secured.*" [Italics supplied.]

It seems that appellants argue here that because they have picked out from their disclosed additive ingredients "particularly selected representative examples of each broad class, so that one has a liquid homo-

geneous mass," they have improved the art in a patentable sense. In other words, it is argued that since Prutton and Smith have had a patent relating to the many halogenated hydorcarbons, including chlorinated paraffin wax, which is included in appellants' preferred species, the appellants are now entitled to another patent for taking the same materials and selecting from those materials those that will bring about the best results.

The Solicitor makes the point that the Prutton et al. patent discloses the exact composition covered by appealed claim 1 and that "while the patentees intend to use the composition alone, instead of mixing it with other lubricants, this is not a patentable distinction in view of the conventional practice of using various lubricating materials alone or in mixtures."

The Solicitor further states, with reference to the changes on various halogenated hydrocarbons and organic sulphur compounds covered in the other claims, that "the number of these claimed, and the much larger number disclosed as suitable in appellants' specification clearly show that there is nothing critical about any of them; and there is no evidence of record that any one of them is unexpectedly superior to the others. Accordingly, the specific claims are unpatentable for the same reasons as the broader claim 1."

We agree with the conclusion reached by the Patent Office tribunals and with the said statements of the Solicitor. The question does not seem to us to be a close one, and no extended discussion of the many arguments in appellants' brief, of which we have made careful note, need be entered into here.

We are in agreement with the holding of the Board of Appeals, and its decision affirming that of the examiner in rejecting the appealed claims is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.